UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
        :

UNITED STATES OF AMERICA       :

      - v. -      :   CONSENT PRELIMINARY ORDER
          OF FORFEITURE/
        :   MONEY JUDGMENT

PABLO ENRIQUEZ,         :   23 Cr. 252 (NRB)

      Defendant.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

WHEREAS, on or about May 9, 2023, PABLO ENRIQUEZ (the "Defendant"), was charged in a three-count Information, 23 Cr. 252 (NRB) (the "Information"), with conspiracy to violate the Anti-Kickback Statute and commit the interstate transportation of stolen property, in violation of Title 18, United States Code, Section 371 (Count One); violation of the Anti-Kickback Statute, in violation of Title 42, United States Code, Section 1320a-7b(b)(1)(B), and Title 18, United States Code, Section 2 (Count Two); and federal program theft, in violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2 (Count Three);

WHEREAS, the Information included a forfeiture allegation as to the violations of the Anti-Kickback Statute alleged in Counts One and Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), of any and all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information, including but not limited to sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information;

WHEREAS, the Information also included a forfeiture allegation as to the interstate transportation of stolen property and federal program theft offenses alleged in Counts One and

Three of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Three of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable the commission of the offenses charged in Counts One and Three of the Information;

WHEREAS, on or about May 18, 2023, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One through Three of the Information and agreed to forfeit, (i) pursuant to Title 18, United States Code, Section 982(a)(7), any and all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the violations of the Anti-Kickback Statute alleged in Counts One and Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information; and (ii) pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real and personal, which constitutes or is derived from proceeds traceable to the commission of the interstate transportation of stolen property and federal program theft offenses alleged in Counts One and Three of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Three of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $2,302,868.84 in United States currency representing the amount of proceeds traceable

to the offenses charged in Counts One through Three of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable with Stephen Monahan, to the extent a forfeiture money judgment is entered against Monahan in *United States v. Monahan*, 24 Cr. 270 (KMW); and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One through Three of the Information that the Defendant personally obtained, cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Patrick R. Moroney, of counsel, and the Defendant and his counsel, Steven Ross, Esq., that:

1.     As a result of the offenses charged in Counts One through Three of the Information, to which the Defendant pled guilty, a money judgment in the amount of $2,302,868.84 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One through Three of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable with Stephen Monahan, to the extent a forfeiture money judgment is entered against Monahan in *United States v. Monahan*, 24 Cr. 270 (KMW).

2.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant PABLO ENRIQUEZ, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278, and shall indicate the Defendant's name and case number.

4.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.      Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.      The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8.    The signature page of this Consent Preliminary Order of Forfeiture/Money

Judgment may be executed in one or more counterparts, each of which will be deemed an original

but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____          12/18/25
PATRICK R. MORONEY                           DATE
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278
(212) 637-2330


PABLO ENRIQUEZ

By: _____          12/18/27
PABLO ENRIQUEZ                               DATE


By: _____          12/18/25
STEVEN ROSS, ESQ.                            DATE
Attorney for Defendant
499 Seventh Avenue
23rd Floor, South Tower
New York, NY 10018


SO ORDERED:

_____              December 18, 2025
HONORABLE NAOMI REICE BUCHWALD            DATE
UNITED STATES DISTRICT JUDGE